remedy at law. In answer to the plaintiffs' contention it is also urged that they may claim compensation for the destruction of their easement out of the award to be made for the taking of the servient estate. To this suggestion it is a sufficient answer to point out that no provision has yet been made for awarding any compensation for the easement which the defendants contemplate taking or for acquiring the title to such easement. The rapid transit act, under which the defendants acquired the servient estate, contemplates that compensation shall be paid to the owners of easements over the property taken. It makes distinct provision for the preparation of maps showing such easements, and provides the method by which proceedings for acquiring or extinguishing such rights may be taken. In the present case the defendants have ignored these provisions. They did not cause the easement of the plaintiffs to be specified on said map, nor have they taken any proceedings to acquire such easement. In threatening to tear down the party wall, in which the plaintiffs enjoy this easement, the defendants threaten the total destruction of the easement. Under these circumstances, the defendants should not be permitted to tear down the party wall and thus destroy the property rights of the plaintiffs in their easement over the property, the title to which the city has acquired, without first making provision for compensation to them for the easement which they threaten to destroy. If the defendants were suffered to carry out their purpose, they would inflict upon the plaintiffs a permanent injury for which they would have no adequate remedy at law. The plaintiffs are, therefore, entitled to an injunction to restrain the injury with which their property is threatened. In view of the public interests which are involved, and the need that there shall be no unnecessary delay in completing the public work now in progress, the court directs that the injunction shall continue only until the defendants shall amend the condemnation proceedings now pending, so as to permit the plaintiffs to be compensated for the property, which will be destroyed, if the commission desire to acquire title to the plaintiffs' easement. As soon as the proceedings are so amended, this injunction will be vacated. Ordered accordingly.

———

SEVILLE, Respondent, v. INTERBOROUGH RAPID TRANSIT CO., Appellant. (Supreme Court, Appellate Division, First Department. January 8, 1909.) Action by Lillian Seville against the Interborough Rapid Transit Company. J. H. Adams, for appellant. I. N. Jacobson, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

———

SHAW, Respondent, v. LUNA PARK CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Thomas Shaw against the Luna Park Company. No opinion. Judgment and order unanimously affirmed, with costs.

———

SHEARS, Respondent, v. TOWN OF UNION VALE, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by William Shears against the Town of Union Vale. No opinion. Judgment and order unanimously affirmed, with costs.

———

SHEPPARD, Appellant, v. REYNOLDS, Respondent. (Supreme Court, Appellate Division, Second Department. January 22, 1909.) Action by Mattie E. Sheppard against Alfred Reynolds.

PER CURIAM. The appeal herein was dismissed because the plaintiff failed to apply to the trial justice to correct the judgment. We think power to make the correction exists. Motion for reargument denied, without costs.

———

SHOECRAFT, Respondent, v. LOCKE INSULATOR MFG. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 6, 1909.) Action by Lee J. Shoecraft against the Locke Insulator Manufacturing Company.

PER CURIAM. Judgment and order affirmed, with costs.

McLENNAN, P. J., and WILLIAMS, J., dissent, upon the ground that plaintiff as matter of law assumed the risk, which was obvious and which he voluntarily assumed; this being an action at common law.

———

SHRADY v. APPLEY et al. (Supreme Court, Appellate Division, First Department. December 31, 1908.) Action by Archibald M. Shrady against Charles H. Appley and others. T. Cleveland, for appellants. S. B. Brownell, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

———

In re SIEGEL COOPER CO. (Supreme Court, Appellate Division, First Department. December 31, 1908.) In the matter of the Siegel Cooper Company. No opinion. Motion granted. Settle order on notice.

———

SIKER, Respondent, v. BROOKLYN UNION ELEVATED R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Abraham Siker, an infant, by Abraham Lewis, his guardian ad litem, against the Brooklyn Union Elevated Railroad Company. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

———

SILLECK, Respondent, v. SILLECK, Appellant. (Supreme Court, Appellate Division, Second Department. January 22, 1909.) Action by Addie W. Silleck against James W. Silleck. No opinion. Motion to resettle order granted, without costs, the reduction in the alimony to date from the day that the defendant is in default in payment of alimony. Settle order on notice before Mr. Justice JENKS.

———

SLATER, Appellant, v. GRANNEMANN, Respondent. (Supreme Court, Appellate Divi-